**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 13-08171 EAG |
| PEDRO LÓPEZ MUÑOZ, | CHAPTER 11 |
| DEBTOR. | FILED & ENTERED ON 2/11/2015 |

**OPINION AND ORDER**

United Surety & Indemnity Company ("USIC") moved the court for the appointment of a chapter 11 trustee under section 1104 of the Bankruptcy Code.[1] [Docket No. 103.] The debtor opposed. [Docket No. 127.] This contested matter had been scheduled for a hearing on January 30 and February 2, 2015. [Docket No. 167.] In preparation for the hearing, USIC scheduled for January 15, 2015 the deposition of the debtor's expert witness, CPA Doris Barroso. On that same date, the debtor filed a motion informing that USIC announced–for the first time and at the deposition–CPA Rafael Pérez Villarini as its expert witness. [Docket No. 185.] Mr. Pérez was also present at the deposition to assist USIC in its examination of Mrs. Barroso. [Id.] The deposition transcript reveals that a discussion between counsel ensued which ultimately prevented the examination of Mrs. Barroso. [Docket No. 190-1.] USIC then moved the court to preclude the testimony of Mrs. Barroso as the debtor's expert and to allow

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Civil Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

Mr. Pérez as its expert at the hearing on the motion to appoint trustee. [Docket Nos. 186 & 187.] This dispute was the subject of the non-evidentiary hearing held on January 22, 2015. [Docket No. 189.]

After considering the parties' arguments and the deposition transcript, the court denied USIC's requests to preclude the testimony of Mrs. Barroso and to announce an expert witness at this stage of the proceedings. [Docket No. 193.] But, ruled that USIC would be allowed to depose Mrs. Barroso at a mutually agreeable time with debtor and that Mr. Pérez could be present at the deposition. [Id.] The court also rescheduled the evidentiary hearing on the request for appointment of a chapter 11 trustee to April 24 and 27, 2015. [Id.]

Now before this court is USIC's motion requesting reconsideration of the order entered at docket number 193. [Docket No. 198.] USIC alleges that: (1) the court applied incorrectly the requisites of disclosure of expert witnesses in contested matters pursuant to Bankruptcy Rule 9014; (2) in the pre-trial order at docket number 113, the court did not require the disclosure of expert witnesses prior to the hearing; and (3) given that the court rescheduled the evidentiary hearing, the debtor would not suffer any prejudice if the court allowed for USIC to use Mr. Pérez as an expert witness for the hearing now rescheduled for April 24 and 27, 2015. Also before this court is the debtor's opposition to USIC's motion for reconsideration, USIC's reply to debtor's opposition, and the debtor's sur-reply to USIC's reply. [Docket Nos. 199, 201 & 202.] For the reasons discussed below, USIC's motion for reconsideration is hereby denied.

Bankruptcy Rule 9023 incorporates Civil Rule 59 and allows the court to alter or amend a judgment. Under Civil Rule 59(e), reconsideration "must be based upon newly discovered

2

evidence or a manifest error of law or fact." Banco Bilbao Vizcaya Argentaria P.R. v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012). The First Circuit has noted that there are four grounds to grant reconsideration: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). "[A] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006).

In its motion for reconsideration, USIC argues, again, that it was not obligated to disclose its expert witness prior to the hearing. USIC'a arguments rests on Bankruptcy Rule 9014. Bankruptcy Rule 9014 provides that the requirement contained in Civil Rule 26(a)(2) regarding the disclosure of expert witnesses, made applicable by Bankruptcy Rule 7026, does not apply in contested matters unless the court directs otherwise. And, USIC insists that the pretrial order at docket number 113 did not require it to list witnesses or expert witnesses in the pretrial report.

The Bankruptcy Rule 9014 argument was considered and rejected at the January 22 hearing. The minutes of the hearing held on July 31, 2014, in which the court ordered the parties to file a pretrial report, required a "list of contested facts with a reference to witnesses and/or documents to support each contested fact." [Docket No. 113.] In addition, the audio

3

recording of the July 31 hearing shows that the court ordered the parties to include a list of witnesses and expert witnesses in the pretrial report. [Docket No. 110 at 48 minutes.]

Also, at the hearing held on January 22, 2015, the court made clear that USIC could not announce an expert witness at this stage of the proceedings, regardless of the rescheduling of the evidentiary hearing to April 24 and 27, 2015.  [Docket No. 194 at minute 44. ]  USIC moves the court to reconsider  its ruling.

USIC relies heavily on the argument that the debtor will not be prejudiced if USIC is allowed to use Mr. Pérez as an expert witness because the evidentiary hearing has been postponed to April 24 and 27, 2015.  USIC reasons that the postponement of the hearing is the result of the  wrongful cancellation of the deposition of Mrs. Barroso.  And, USIC contends that if the debtor is allowed to use Mrs. Barroso as an expert witness in spite of having obstructed her deposition, it should be allowed to announce Mr. Pérez as its expert witness at this late stage of the proceedings.  However, the transcript of the deposition shows that USIC initiated the controversy by using the deposition as a forum to announce two weeks before the evidentiary hearing its expert witness.  [Docket No. 190-1.] The transcript also reveals that USIC thwarted the debtor's attempt to call the court to resolve the deposition controversy. [Id.] But, that the deposition transcript also shows that the debtor was not without fault for the cancellation of the deposition of Mrs. Barroso. [Id.]

So the ruling of January 22, 2015, parceled the consequences of the parties' conduct at the deposition of Mrs. Barroso by postponing the evidentiary hearing over the objection of the debtor so that USIC could depose her in preparation for the hearing. And, the court reiterates, as it did at the hearing on January 22, 2015, that its ruling precludes USIC from

using Mr. Pérez as an expert witness to make its case for the appointment of a chapter 11 trustee under section 1104, but not as a rebuttal expert witness if it deems it necessary.

Absent a showing of manifest error by this court, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in controlling law that warrants reconsideration, USIC's motion requesting reconsideration of the order at docket number 193 [at Docket No. 198] is hereby denied.

SO ORDERED.

In Ponce, Puerto Rico, this 11th day of February, 2015.

Edward A. Godoy
U.S. Bankruptcy Judge