**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

PEDRO LÓPEZ MUÑOZ,

          DEBTOR.

_____

CASE NO. 13-08171 EAG

CHAPTER 11

FILED & ENTERED ON 7/08/2015

**OPINION AND ORDER**

United Surety & Indemnity Company ("USIC") moves the court to reconsider its order [at Dkt. No. 231] where it denied without prejudice USIC's motion for summary judgment [at Dkt. No. 217] on its request for the appointment of a chapter 11 trustee under section 1104 of the Bankruptcy Code.[1] [Dkt. No. 233.]  The court refused to appoint summarily a chapter 11 trustee in this case given that USIC's request [at Dkt No. 103] is based on allegations of fraud and dishonesty in which the debtor's intent may be at issue.

USIC argues that while the court denied its request because matters of intent are not appropriate for summary judgment, that general rule is not applicable to cases like this one where "the non-movant to a motion for summary judgment rests merely upon unsupported allegations and speculations." [Dkt. No. 233 at p. 2].  USIC further alleges that in opposing summary judgment, it is the non-movant's duty to go beyond the pleadings and designate

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

specific facts by affidavits, depositions, answers to interrogatories or admissions on file, showing that there is a genuine issue for trial, and that in this case the debtor failed to do so. [Id. at p. 3.]  For the reasons discussed below, USIC's motion for reconsideration [at Dkt. No. 233] is denied.

Even if unopposed, summary judgment may only be granted when the moving party shows that it is entitled to a judgment as a matter of law.  It is firmly established that even where a party fails to file an opposition to a motion for summary judgment, courts are nevertheless required to evaluate such a motion on its merits. See Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006) (noting that a district court is bound to review an unopposed motion for summary judgment on the merits). Nor can a court grant a motion for summary judgment as a sanction. See De La Vega v. The San Juan Star, Inc., 377 F.3d 111, 116 (1st Cir. 2004). "The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made." Roman-Perez v. Operating Partners Co. LLC (In re Roman-Perez), 527 B.R. 844, 856 (Bankr. D.P.R. 2015) (quoting Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir. P.R. 1991)).

In this case, even had the debtor not filed any opposition to the motion for summary judgment, which he did, the court cannot automatically enter summary judgment because USIC failed to show that it is entitled to it.  USIC's statement of uncontested material facts in support of summary judgment [at Dkt. No. 217] proposes, as uncontested, facts that have to do with the debtor's intent and are at the heart of its request for the appointment of a chapter 11 trustee. In summary judgment a "moving party cannot prevail if any essential element of its claim or defense requires trial." Roman-Perez, 527 B.R. at 855.  So, USIC proposes as uncontested facts

2

that the debtor "was dishonest," "falsely represented," "lied," "concealed," and "failed to disclose," among others, but supports those proposed facts with references to prior proposed facts in its statement, and, in effect, asks the court to infer the former [Dkt. No. 217-2 at ¶¶ 31-35] from the latter [Dkt. No. 217-2 at ¶¶ 20, 25, 21-23, 26 29, & 30.] Unless the court draws those inferences in favor of USIC, there is no ground to appoint a chapter 11 trustee under section 1104(a)(1). And that, the court cannot do. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor.")

For the above reasons, USIC's motion for reconsideration [at Dkt. No. 233] is denied. The evidentiary hearing on USIC's request for appointment of a chapter 11 trustee remains set for July 14 and 15, 2015 at 9:30 a.m. in Ponce, Puerto Rico.

In Ponce, Puerto Rico, this 8th day of July 2015.

Edward A. Godoy
U.S. Bankruptcy Judge

3