# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

## Minute Entry

### *Hearing Information:*

**Debtor**:  PEDRO LOPEZ MUNOZ
**Case Number**:  13-08171-EAG11                                   **Chapter:** 11
**Date / Time / Room**: 03/20/2019 09:30 am
**Bankruptcy Judge**: EDWARD A. GODOY
**Courtroom Clerk**:  TATIANA COLON
**Reporter / ECR**:  MADELYN BEDARD

### *Matter:*

DEBTOR'S APPLICATION FOR FINAL DECREE (#606)
MOTION TO STAY CASE PENDING APPEAL AND OPPOSITION TO DEBTOR'S REQUEST FOR FINAL DECREE FILED BY UNITED SURETY & INDEMNITY COMPANY (#611)
AMENDED MOTION TO STAY CASE PENDING APPEAL AND OPPOSITION TO DEBTOR'S REQUEST FOR FINAL DECREE FILED BY UNITED SURETY & INDEMNITY COMPANY (#615)
DEBTOR'S OBJECTION TO USIC'S MOTION FOR STAY OF CASE PENDING APPEAL AND IT'S OPPOSITION TO REQUEST FOR FINAL DECREE (#616)

### *Appearances:*

LUISA S VALLE CASTRO- Attorney for Debtor
HECTOR SALDANA EGOZCUE - Attorney for United Surety & Indemnity Company
CARLOS LUGO FIOL- Attorney for United Surety & Indemnity Company
*Debtor Pedro Lopez Munoz is also present

### *Minutes of Proceedings:*

### OPINION & ORDER:

For the reasons stated in this hearing by the court and the debtor's counsel, and also for the reasons included in the debtor's opposition at docket number 616, USIC's request for stay pending appeal and opposition to entry of final decree at docket number 615 is denied.

Fed. R. Bankr. P. 8007 governs motions for stay pending an appeal. Courts consider the traditional four-part standard applicable to preliminary injunctions. See, Acevedo- García v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir.2002). The court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." In re Triple A & R Capital Inv. Inc., 2015 Bankr.LEXIS 723 at *2-3 (Bankr.D.P.R. 2015)."Failure to satisfy even one of those requirements justifies denial of the stay." Fraterfood Serv. v. DDR Del Sol, LLC (In re Fraterfood Serv.), 2015 Bankr.LEXIS 3081 at *2 (Bankr.D.P.R. 2015). Granting a motion for stay pending appeal is discretionary. In re MJS Las Croabas Props., 2015 Bankr.LEXIS 1159 at *4 (Bankr.D.P.R.2015).

As to the first prong, whether USIC has made a strong showing of success on the merits, the court agrees with the position taken by the debtor's counsel at the hearing as to the ample support in the record of the confirmation hearing as the basis of the order confirming the debtor's plan.

As to the second prong, USIC has not meet the burden of showing irreparable harm. First, USIC waited over 90 days to file its motion to stay pending appeal which shows that the harm to USIC, if any, is not irreparable. On the contrary, by denying USIC's request, the debtor is able to continue to pay down the secured debt and priority claims and pay general unsecured creditors their pro rata dividend under the terms of the confirmed plan.  Also, contrary to USIC's argument, a stay pending appeal would result in monies that would otherwise would be paid to priority claimants and general unsecured creditors accumulating in the debtor's bank account. Which, since USIC is distrustful of the debtor would pose a greater risk of irreparable damage. Additionally, we see nothing occurring as a result of denying the motion to stay which cannot be undone by an appellate court.

As to the third prong, the issuance of the stay would injure priority claimants and other general unsecured creditors as plan payment to them would stop and again, those monies would accumulate in the debtor's bank account.

And, as to the fourth prong, other than generalities in its motion requesting the stay, USIC has made no showing as to why the issuance of the stay is in the public interest.

Finally, an order staying the effectiveness of the confirmation order pending appeal is in the nature of an equitable remedy and is denied also on grounds of laches because USIC waited over 90 days from the date of entry of the order confirming the plan at docket number 576 to when it filed its motion for stay pending appeal at docket number 611, later amended at docket number 616.

However, with the consent of the debtor, we are entering an order prohibiting the debtor from alienating his real properties, his shares in Hi Speed Gas Corp., and as President of Hi-Speed, from alienating Hi-Speed's real property while the appeal is pending before the Bankruptcy Appellate Panel.

For the reasons stated in open court and the debtor's application for final decree at docket number 606, we are granting that application for final decree. But, the effectiveness of the aforementioned order prohibiting the alienation of assets shall survive final decree.

And, the court notes that discharge will not be entered with final decree and is not expected to be entered into approximately 4.5 years from now.

**/s/EDWARD A. GODOY**
**U. S. Bankruptcy Judge**